JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KEUNTEA JEMAYNE VANCE,<br><br>  Plaintiff,<br>  v.<br>LOS ANGELES DEPARTMENT OF CHILD SUPPORT,<br><br>  Defendant. | No. CV 23-04392-DMG-BFM<br><br>**ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND** |

On March 20, 2023, in Case No. CV 23-02074-DMG-BFM, Plaintiff filed a *pro se* civil rights complaint against the Los Angeles Department of Child Support. In his Complaint, he asserts that Defendant violated his civil rights, the Fair Credit Reporting Act, 28 U.S.C. § 2403, and 18 U.S.C. § 242, and he presents state law claims for breach of contract and the torts of defamation, intentional infliction of emotional distress, slander, and invasion of privacy. [[Case No. 23-02074, Doc. ## 1, 6.] Plaintiff's claims were based on allegations that Defendant unlawfully garnished his wages, suspended his passport and driver's license, and otherwise attempted to collect unpaid child support without a valid contract to do so. [Case No. 23-02074, Doc. # 6 at 2.] After screening the

1  complaint in Case No. 23-02074, the Court found that it failed to state a claim
2  upon which relief can be granted, dismissed the complaint, and, in light of
3  Plaintiff's *pro se* status, granted leave to amend. [Case No. 23-02074, Doc. # 6
4  at 3-4.] Plaintiff then filed a first amended complaint. [Case No. 23-02074, Doc.
5  # 9.] After screening the first amended complaint, the Court again found that
6  the allegations failed to state a claim. The Court also determined that further
7  leave to amend would be futile. [Case No. 23-02074, Doc. # 11 at 1.] The Court
8  denied Plaintiff's request to proceed *in forma pauperis*, and dismissed the action
9  without prejudice. [Case No. 23-02074, Doc. 11.]

10  Plaintiff filed this action on June 5, 2023, again naming the Los Angeles
11  Department of Child Support as the only Defendant. [Doc. # 1.] This time he
12  paid the full filing fee. [Doc. 1.] Along with his Complaint, Plaintiff submitted
13  an Emergency Motion for declaratory judgment, temporary restraining order,
14  and preliminary and permanent injunctive relief as to the allegedly fraudulent
15  contract that is the subject of the Complaint. [Doc. # 2.] The Court construed
16  the Emergency Motion as a motion for a temporary restraining order and denied
17  it. The Court found among other things, that even if Plaintiff could show
18  irreparable injury, "*there is no likelihood of success on the merits of his claims.*"
19  [Doc. # 7 at 2 (emphasis added).] The Court observed that it had "previously
20  dismissed these [same] claims against the same defendant without prejudice"
21  in Case No. 23-02074, because Plaintiff had failed to state a federal claim, and
22  because he had failed to invoke diversity jurisdiction. [Doc. # 7 at 3.]

23  The Complaint in this action fails for the same reason that the one in the
24  prior case did. In fact, but for the addition of numerous exhibits, the Complaint
25  here is identical to the Complaint in Case No. 23-02074.[1]  (*Compare* Case No.

26  _____

27  [1] The complaint in Case No. 23-02074 also included a handful of pages (cont'd . . .)

28  2

23-02074, Doc.# 1 at 6-9[2] *with* Case No. 23-04392, Doc. # 1 at 1-4.)  This Court has already twice determined in Case No. 23-02074 that Plaintiff's allegations and claims fail to state a claim for relief, and has also determined with respect to the Emergency Motion that there is no likelihood of success on the merits of those identical claims in this action.

The Court can dismiss a case or claim at any time—even if, as here, the litigant paid the filing fee in full—if the action is so wholly insubstantial or obviously frivolous that it fails to confer jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (a "paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process"); *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337 (9th Cir. 1981) (dismissal prior to service appropriate even in paid cases, where claims are insufficient to confer jurisdiction); *Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (court lacks subject matter jurisdiction where claim is "wholly insubstantial and frivolous").)

Such treatment is appropriate here.  Plaintiff received detailed screening orders in Case No. 23-02074 explaining the obvious defects with his pleadings.  He failed to cure those flaws and instead has merely repeated his insufficient claims—first in the amended complaint in Case No. 23-02074, and now in this action.  Because his claims are wholly insubstantial, his case will be dismissed.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a claim is "frivolous" for these purposes "where it lacks an arguable basis either in law or in fact").

---

providing information similar to that found on a civil cover sheet that did not add anything to the allegations and claims.  (*See* Case No. 23-02074, Doc. # 1 at 1-5.)

[2] The Court refers to the ECF-generated page numbers when referencing these documents.

3

A *pro se* litigant is ordinarily entitled to leave to amend a defective complaint so that he has an additional chance to state a proper claim for relief. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). But that rule does not apply when "the basic facts are alleged and have been analyzed" from a litigant's pleadings and it is apparent that that Plaintiff "cannot cure the flaws" in his claims. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). Such is the case here. Plaintiff has already been given two opportunities to amend his claims, and yet he continues to file pleadings that do not address the most basic problems with his claim. *Lopez*, 203 F.3d 1122. There is no reason to think he would do so, if he were given one more chance.

For the reasons given in the Court's prior orders, Plaintiff has offered no basis to conclude that he has any cognizable federal legal claim against Defendant, or any other person or entity, and diversity jurisdiction does not exist. (*See* Case No. 23-02074, Doc. # 11 at 2.) For these reasons, this action is hereby **DISMISSED with prejudice** and **without leave to amend**.[3]

DATED: July 20, 2023

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

---

[3] On July 19, 2023, Plaintiff filed a motion for a temporary restraining order, which is **DENIED** as moot. [Doc. # 8.] To the extent the "motion" is intended as an amended complaint, it is deficient for the reasons already discussed in this Order, as it repeats claims that the Los Angeles County Child Support Services fraudulently created a contract with Plaintiff's signature, violated his civil rights, and committed various state-law torts in connection with its attempts to collect child support from him.

4